IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARREN HARCUM,
    Plaintiff,

v.

MARCEL LEBLANC,
    Defendant.

:    CIVIL ACTION

:    NO. 09-02512

**Memorandum**

YOHN, J.                                                                                                    September 2, 2009

Presently before the court is plaintiff Darren Harcum's motion to proceed *in forma pauperis*. Upon review of his statement in support of his motion, the court will grant the motion. However, because the court finds that as to certain claims plaintiff fails to state a claim on which relief may be granted, the court will dismiss in part the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.**    **Factual Background**

At the time relevant to his allegations, plaintiff was a prisoner at SCI-Graterford. (Compl. ¶ 1.) At approximately 10 p.m. on November 16, 2008, plaintiff asked defendant, who was a correctional officer at SCI-Graterford, to bring plaintiff a plunger because plaintiff's toilet was clogged. (*Id.* ¶ 2.) Defendant did not return until after 11 p.m. and did not bring plaintiff a plunger. (*Id.* ¶ 4.) In fact, defendant told plaintiff that because plaintiff had yelled at defendant, defendant would not get plaintiff the plunger. (*Id.*) Defendant proceeded to walk away from

1

plaintiff's cell. (*Id.* ¶ 5.) As defendant walked away, plaintiff reached through the food slot of his cell door, grabbed hold of a chair, and pulled the chair toward his cell. (*Id.*) Defendant attempted to pry the chair from plaintiff's hand. (*Id.* ¶ 7.) When his initial effort failed, defendant grabbed plaintiff's left arm and stabbed at it with his prison keys. (*Id.* ¶ 9.) Defendant then released plaintiff's arm, and prior to backing away, kicked plaintiff. (*Id.* ¶ 10.)

Plaintiff suffered numerous cuts and abrasions on his left forearm as a result of the altercation. (*Id.* ¶ 11.) He began to yell out for help, telling prison officials that he was bleeding and wanted medical attention. (*Id.* ¶ 12.) No officers responded. (*Id.* ¶ 13.) Instead, the on-duty officers, presumably including defendant, dimmed the lights in the control booth and ignored plaintiff's calls for help. (*Id.*) Defendant's shift ended at 2:30 a.m. (*Id.* ¶ 14.) At approximately 7 a.m., after another shift change, a prison official visited plaintiff, listened to plaintiff's explanation of the event, and sent plaintiff to receive medical treatment. (*Id.* ¶¶ 21-22.)

Invoking 42 U.S.C. § 1983,[1] plaintiff asserts that defendant violated his Eighth and Fourteenth Amendment rights when defendant used unreasonable force to pry the chair away from plaintiff and when defendant delayed plaintiff from accessing medical care.

---

[1] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

II. **Discussion**

    A. **Standard of Review**

As mentioned above, upon review of plaintiff's submissions, the court will grant plaintiff's motion to proceed *in forma pauperis*. Actions *in forma pauperis* are governed by 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B), a court must dismiss a case if it determines the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The frivolousness prong of § 1915(e)(2)(B)(i) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The failure to state a claim on which the court may grant relief and the defendant's immunity prongs of, respectively, § 1915(e)(2)(B)(ii) and (iii), require courts to apply the same standard as applied when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Thus, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Id.* To avoid dismissal, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted); *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

    B. **Excessive Force**

Plaintiff asserts that defendant used excessive force to regain control of the chair plaintiff

3

was holding. Because plaintiff is a prisoner, the court's review of plaintiff's excessive force claim is governed by the Eighth Amendment.[2] *See Graham v. Conner*, 490 U.S. 396, 395 n.10 (1989). "The test for whether a claim of excessive force is constitutionally actionable is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In making this determination, the court must consider the following factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Id.*

Plaintiff first alleges that defendant stabbed him with keys, and that this action constitutes a constitutional deprivation. This use of force, however, was a direct response to plaintiff grabbing and refusing to release a chair. After initially failing to pull the chair away from plaintiff, defendant needed to apply some force to regain control of the chair. Indeed, plaintiff's own allegations demonstrate that defendant used his keys to regain control over the chair, not to inflict harm. (Compl. ¶¶ 7-9.) Based on these allegations, the court finds that defendant's use of

---

[2] Although plaintiff asserts a separate excessive force claim under the Fourteenth Amendment, the Supreme Court has reasoned that "[a]fter conviction the Eighth Amendment serves as the primary source of substantive protection in cases where the deliberate use of force is challenged as excessive and unjustified." *See Graham*, 490 U.S. at 395 n.10 (finding that "[a]ny protection that 'substantive due process' affords convicted prisoners against excessive force is, we have held, at best redundant of that provided by the Eighth Amendment") (alternations and internal quotation omitted). Thus, the court will dismiss plaintiff's Fourteenth Amendment excessive force claim.

his keys was appropriate under *Giles*, and, therefore, use of such force is not actionable.

Plaintiff next avers that after failing to regain control of the chair, defendant released plaintiff's arms and kicked plaintiff causing injury to plaintiff's forearms. (Compl. ¶ 10.) Plaintiff's allegations do not link defendant's kick to defendant's effort to regain control of the chair. Rather, it is reasonable to infer from plaintiff's allegations that defendant, frustrated with his inability to release plaintiff's grip, kicked plaintiff in anger or retaliation or both. Moreover, according to plaintiff, defendant's action was accomplished with "malicious intent" and resulted in injury to plaintiff. (Compl. § 5, ¶ 2.) Because plaintiff's allegations and reasonable inferences drawn therefrom demonstrate that defendant maliciously kicked plaintiff for the purpose of causing injury, plaintiff's allegations are sufficient to withstand the court's § 1915(e) review. *See Owens v. Pravenzaro*, No. 09-00254, 2009 WL 2255299, *4 (D.N.J. July 23, 2009) (finding prisoner's Eighth Amendment excessive force claim survived § 1915(e) where prisoner alleged that defendant viciously kicked him in the leg for the purpose of causing harm); *cf. Giles*, 571 F.3d at 326 (reminding that officers cannot "kick or otherwise use gratuitous force against an inmate who has been subdued").

Thus, having found that certain of plaintiff's allegations support an Eighth Amendment excessive force claim, the court finds that § 1915(e) does not require dismissal of plaintiff's claim at this stage.

### C. Delay of Medical Care[3]

Plaintiff asserts that defendant delayed medical treatment after defendant caused various

---

[3] Plaintiff labels this claim as a "denial" of care claim, but, according to plaintiff's allegations, plaintiff received medical care several hours after incurring the alleged injury. Thus, the court will treat plaintiff's claim as challenging the delay in receiving the medical care.

injuries to plaintiff's forearms. Plaintiff waited approximately eight hours, from 11 p.m. until 7 a.m., before receiving treatment. As with his excessive force claim, because plaintiff is a prisoner, the Eighth Amendment applies to his delay of medical care claim.[4] To set forth a claim for the delay of medical care, "a plaintiff must establish that defendants acted 'with deliberate indifference to his or her serious medical needs.'" *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff's burden is "two-pronged: it requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious." *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (alteration and internal quotation omitted). In situations where medical care is delayed, a plaintiff can establish deliberate indifference "'if necessary medical treatment [i]s . . . delayed for non-medical reasons.'" *Id.* (quoting *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985)) (alterations in *Ancata*). A medical need is serious "if it is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* at 347 (quoting *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979)) (reasoning that the "seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment").

I turn first to the seriousness prong, as I find that plaintiff has not pleaded facts sufficient to demonstrate that he suffered a serious injury, and, consequently, that plaintiff has not pleaded

---

[4] Plaintiff asserts a separate Fourteenth Amendment claim based on the delay in receiving medical treatment. This claim is properly analyzed under the Eighth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 166-67 (3d Cir. 2005); *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). The court will dismiss plaintiff's independent Fourteenth Amendment claim.

facts to support a delay of care claim. Plaintiff avers that defendant's actions caused numerous abrasions and that he was bleeding. Courts have found that the failure to treat a bleeding cut can constitute an Eighth Amendment violation. *See, e.g.*, *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994) (finding that "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference"). Here, however, plaintiff has not pleaded facts that can support such a claim. Aside from stating that he was bleeding, plaintiff does not aver facts detailing the extent of his injury. Moreover, plaintiff does not allege that he was in pain during the delay, or that he otherwise suffered as a result of the delay. *See Lanzaro*, 834 F.2d at 347 (reminding that if plaintiff suffers wanton and unnecessary infliction of pain as a result of a delay in treatment, the medical need is serious for Eighth Amendment purposes). Lastly, plaintiff does not recite facts that explain to what extent the delay in treatment impacted (or exacerbated) his injuries. *See id.* (reasoning that severity of injury can be determined with reference to effect of denying treatment). Without more, the court cannot find that plaintiff suffered a serious injury. Accordingly, the court will dismiss plaintiff's delay of care claim.

**III.     Conclusion**

The court will grant plaintiff's motion to proceed *in forma pauperis*. The court will dismiss each of plaintiff's claims to the extent that plaintiff erroneously relies on the Fourteenth Amendment. Finally, the court will dismiss plaintiff's delay of medical care claim, as plaintiff has not pleaded facts sufficient to form a basis for relief.