IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARREN HARCUM : CIVIL ACTION
:
v. :
:
MARCEL LEBLANC : NO. 09-2512



## MEMORANDUM AND ORDER

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

In this action brought pursuant to 42 U.S.C. § 1983, pro se Plaintiff Darren Harcum ("Plaintiff") seeks damages against Defendant Marcel LeBlanc ("Defendant") for injuries allegedly sustained in the State Correctional Institution in Graterford, Pennsylvania ("Graterford"), where Plaintiff resided as an inmate and Defendant worked as a corrections officer.[1] Presently before the court is Defendant's motion to dismiss ("Doc. 19"), in which he seeks to dismiss each of the claims asserted in Plaintiff's amended complaint, and Plaintiff's response thereto ("Doc. 21"). For the following reasons, I will grant the motion in part and deny it in part.

---

[1] This case was originally assigned to the Honorable William H. Yohn. Judge Yohn referred the matter to me for all proceedings upon the consent of the parties. See Docs. 20, 22.

I. **FACTS AND PROCEDURAL HISTORY**

At the time relevant to Plaintiff's allegations, he was an inmate at Graterford. See Amended Complaint ("Doc. 18") at ¶ 1. At approximately 10:00 p.m. on November 16, 2008, Plaintiff asked Defendant to bring him a plunger because his prison cell toilet was clogged, and Defendant replied that he would return with the plunger after his initial rounds were completed. Id. at ¶ 2. Defendant did not return until after 11:00 p.m., and he did not bring Plaintiff a plunger as requested. Id. at ¶¶ 3-4. Instead, Defendant told Plaintiff that because Plaintiff had been making noise, he would not get Plaintiff the plunger. Id. at ¶ 4. As Defendant walked away from Plaintiff's cell, Plaintiff reached through the food slot of his cell door, grabbed hold of a chair, and pulled the chair toward his cell. Id. at ¶ 5. Defendant attempted to pull the chair from Plaintiff's right hand and, after failing to do so, Defendant grabbed Plaintiff's left forearm, reached back with his right hand to grab his prison-issued keys, and proceeded to stab Plaintiff's left forearm "four or five times" with the keys. Id. at ¶¶ 9-10. Plaintiff attempted to grab the keys with his right hand, releasing the chair. Id. at ¶ 11. Defendant released Plaintiff's arm and kicked him before moving away from Plaintiff's door. Id. at ¶ 12. Plaintiff's food slot remained open and Defendant did not attempt to remove the chair from outside Plaintiff's door. Id. at ¶¶ 12, 14.

Plaintiff had cuts and abrasions on his left forearm "from being stabbed by the defendant." Doc. 18 at ¶¶ 15, 36. Plaintiff avers that the injuries were painful and

2

required medical attention. Id. at ¶ 16. As a result, he began to yell out for help, telling nearby officers that he needed to be seen by the medical staff and asking to speak with the captain on duty. Id. at ¶ 17. No officers responded. Id. at ¶ 18. Instead, the on-duty officers dimmed the lights and ignored Plaintiff's calls for help. Id. Defendant's shift ended at approximately 2:30 a.m. Id. at ¶ 22. At approximately 7:00 a.m., one hour after another shift change, a prison official visited Plaintiff, listened to his explanation of the incident, and sent Plaintiff to receive medical treatment. Id. at ¶¶ 28-30. By that time, bleeding from his left forearm had stopped, but the forearm was swollen from wrist to elbow. Id. at ¶ 36. Later that day, Plaintiff wrote a formal grievance in which he described the incident and his injuries. Id. at ¶¶ 33-34; Grievance attached to Doc. 18 at Exh. A.

Plaintiff commenced this lawsuit against Defendant alleging violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. By Order dated September 2, 2009, Judge Yohn granted Plaintiff's motion to proceed in forma pauperis, ordered that his Complaint be docketed, and dismissed it in large part. See Doc. 6. As explained in the accompanying Memorandum, Judge Yohn dismissed each of Plaintiff's claims to the extent they invoked the Fourteenth Amendment, dismissed his Eighth Amendment claim of excessive force related to the use of keys on his forearm because the use of the keys was appropriate under the circumstances, and dismissed his Eighth Amendment claim of delayed medical care because he failed to plead facts sufficient to

form a basis for relief. See Doc. 5 at 4-7. Judge Yohn allowed Plaintiff's Eighth Amendment claim of excessive force related to Defendant's alleged kick to proceed. See id. at 5.

On November 30, 2009, Plaintiff filed a Motion for Leave to File an Amended Complaint, which was granted by Judge Yohn on December 2, 2009. See Docs. 16, 17. On December 28, 2009, Plaintiff filed an amended complaint alleging Eighth Amendment violations for excessive force as to Defendant's use of keys and his alleged kick, as well as for delay of medical treatment.[2] See Doc. 18.

On January 21, 2010, Defendant filed the present motion to dismiss, to which Plaintiff timely responded. See Docs. 19, 21.

## II. STANDARD FOR MOTIONS TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a claim or claims asserted in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Thus, a 12(b)(6) motion to dismiss tests the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although Rule 8 of the Federal Rules of Civil Procedure requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is

---

[2] Although Plaintiff labeled his last claim as a "denial" of medical care, he alleges that he received medical care several hours after the alleged injury. See Doc. 18 at ¶¶ 28-30. Therefore, as Judge Yohn did in granting Plaintiff's in forma pauperis motion, I will construe Plaintiff's last claim as challenging the delay in receiving medical care. See Doc. 5 at 5 n.3.

4

entitled to relief," Fed. R. Civ. P. 8(a)(2), and to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley, 355 U.S. at 47), plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Similarly, "naked assertions devoid of further factual enhancement" will not suffice. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).

Read together, Twombly and Iqbal set forth a two-part analysis that federal courts should utilize when presented with 12(b)(6) motions. First, the factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding any legal conclusions. See Iqbal, 129 S.Ct. at 1950. Second, the court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Donnelly v. O'Malley & Langan, P.C., 2010 WL 925869 at *2 (3d Cir. March 16, 2010) (quoting Iqbal, 129 S.Ct. at 1949). In making this determination, the court must accept as true any reasonable inferences that may be drawn from plaintiff's allegations, and view those facts and inferences in the light most favorable to plaintiff. See Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Third Circuit has summarized the post-Twombly standard as follows: "'[S]tating . .

. a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element . . . . This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). "Thus, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570).

### III. DISCUSSION

#### A. Excessive Force Regarding Use of Keys

Initially, Defendant argues that Plaintiff's Eighth Amendment claim of excessive force related to Defendant's use of keys in striking Plaintiff's forearm is barred by operation of the law of the case doctrine, relying on Judge Yohn's prior dismissal of this claim. See Doc. 19 at 3-4. I disagree.

"The law of the case doctrine limits relitigation of an issue once it has been decided at an earlier stage of the same litigation." Hamilton v. Leavy, 322 F.3d 776, 787 (3d Cir. 2003). Application of the doctrine is discretionary with the court. See United States v. Rabreau, No. 07-3702, 2010 WL 1552811, at *2 (3d Cir. April 20, 2010); Aramony v. United Way of America, 254 F.3d 403, 410 (2d Cir. 2001). Here, Plaintiff raised the claim in his original complaint, and Judge Yohn dismissed it on the grounds

that Plaintiff's own allegations demonstrated that Defendant used his keys to regain control over a chair held by Plaintiff, not to inflict harm. See Doc. 5 at 4.[3] However, Plaintiff subsequently filed a Motion for Leave to File an Amended Complaint stating, among other things, that he "wishe[d] to offer amended pleadings in regards to the defendant's use of prison keys to support his Eighth Amendment claim . . . ." See Doc. 16 at 1. Judge Yohn granted Plaintiff's motion, allowing him to file an amended complaint within twenty-one days of the order. See Doc. 17. Because Judge Yohn permitted Plaintiff to re-assert the claim in his amended complaint, I decline to automatically bar it by operation of the law of the case doctrine.

I also decline to follow Plaintiff's invitation to conclude that Judge Yohn already ruled in his favor by allowing him to amend his complaint. See Doc. 21 at 2. Plaintiff did not attach his amended complaint to his motion for leave to amend, and therefore Judge Yohn made no conclusion as to the merits of the claims.

Although Plaintiff's first claim is not barred by the law of the case doctrine, I nevertheless conclude that this claim should be dismissed. "The test for whether a claim of excessive force is constitutionally actionable is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Giles v. Kearney, 571 F.3d 318, 326 (3d Cir. 2009) (quoting

---

[3]In dismissing this claim as part of his memorandum granting Plaintiff's in forma pauperis motion, Judge Yohn utilized the same standard that applies to a Rule 12(b)(6) motion to dismiss. See Doc. 5 at 3.

7

Whitley v. Albers, 475 U.S. 312, 319 (1986)). In making this determination, the court must consider the following factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

Id.

As Defendant argues, Plaintiff's amended complaint is very similar to his original complaint, minus the Fourteenth Amendment claims. See Doc. 19 at 4. For example, Plaintiff does not present any new facts regarding the circumstances surrounding Defendant's use of the keys. The only new allegations in the amended complaint relate to events that occurred after Plaintiff let go of the chair.[4] As a result, as with the original complaint, the allegations in the amended complaint demonstrate that Defendant used the keys in direct response to Plaintiff having grabbed and refused to release a chair located outside his prison door, and that Defendant struck Plaintiff's arm only until Plaintiff released the chair. Based on these allegations, I find that Defendant's use of keys on Plaintiff's forearm was appropriate under Giles. Therefore, I will dismiss this claim.

---

[4]Plaintiff also added that, at the time he pulled the chair to his cell door, he and the other inmates were locked in their respective cells. Doc. 18 at ¶ 6. However, this fact adds nothing to the question whether he stated a cause of action regarding Defendant's use of the keys.

## B. Excessive Force Regarding Defendant's Kick

Defendant also moves to dismiss Plaintiff's Eighth Amendment claim of excessive force as it relates to Plaintiff's allegation that Defendant kicked him after he had released the chair. See Doc. 19 at 5-7. Specifically, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted, and that the alleged kick does not amount to an Eighth Amendment violation.

Judge Yohn previously allowed this claim to proceed, reasoning that Plaintiff's allegations in the original complaint, and reasonable inferences drawn therefrom, demonstrated that Defendant maliciously kicked Plaintiff for the purpose of causing injury and not to regain control of the chair. Doc. 5 at 5. Judge Yohn's reasoning applies with equal force to the amended complaint, which contains the identical claim and the identical supporting allegations. For example, Plaintiff alleges in the amended complaint that after Defendant successfully used the keys on Plaintiff's forearm in an effort to force Plaintiff to release the chair, Defendant released Plaintiff's arm and kicked him before moving away. Doc. 18 at ¶¶ 11-12.

Defendant raises serious issues as to whether he could have kicked Plaintiff through his cell door, whether the alleged kick struck Plaintiff's arm or hand (which had been extended through the prison door food slot), and whether the kick caused an injury, even a de minimis one. For example, Plaintiff does not state where the kick allegedly struck his body, nor is it clear whether Plaintiff ever attributed any of his forearm injuries

9

to Defendant's kick rather than his use of keys. However, these issues cannot overcome the fact that the amended complaint contains allegations that Defendant kicked Plaintiff and that the kick occurred after Plaintiff had already released the chair. Also, although Plaintiff attributes the cuts, abrasions and bleeding solely to Defendant's keys, he alleges more generally that "the injuries inflicted by [Defendant] were painful" and that the inside of his "left forearm was swollen [and] purple." See Doc. 18 at ¶¶ 15-16, 36. These allegations and the reasonable inferences drawn therefrom demonstrate that the kick served no legitimate penological interest, but rather that Defendant maliciously kicked Plaintiff for the purpose of causing injury. Therefore, I will deny Defendant's motion to dismiss as to this aspect of his excessive force claim.

### C. Delayed Medical Treatment

Lastly, Defendant moves to dismiss Plaintiff's Eighth Amendment claim of delayed medical treatment, arguing that the claim is barred by the law of the case doctrine and for failure to state a claim upon which relief can be granted. See Doc. 19 at 3-4, 7-8.

Plaintiff raised the same claim in his original complaint, and Judge Yohn dismissed it because Plaintiff failed to plead facts sufficient to form a basis for relief. See Doc. 5 at 7. As previously explained, however, Judge Yohn allowed Plaintiff the opportunity to file an amended complaint. Thus, I decline to apply the law of the case doctrine to automatically dismiss this claim from the amended complaint.

10

Nevertheless, I conclude that Plaintiff's claim of delayed medical treatment should be dismissed. To establish an Eighth Amendment claim for delayed or denied medical treatment, a plaintiff is required to show "deliberate indifference to an inmate's serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Thus, the standard enunciated in Estelle has two prongs – deliberate indifference on the part of the authorities in question, and medical needs which are serious. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing West v. Keye, 571 F.2d 158, 161 (3d Cir. 1978)). Deliberate indifference is established where treatment of a serious medical issue is delayed for a non-medical reason. Lanzaro, 834 F.2d at 346-47. The Third Circuit has defined a serious medical need as "one that has been diagnosed by a physician as requiring medical treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Id. at 347 (quoting Pace v. Fauver, 479 F.Supp. 456, 458 (D.N.J. 1979)).

Plaintiff has expanded the allegation regarding Defendant's deliberate indifference. See Doc. 18 at 5-6 (¶ 36) & 6 (¶ 2). However, even if these factual allegations were sufficient, the claim would fail on the element of serious injury. Plaintiff alleges that he received painful cuts and abrasions from Defendant's use of keys on his forearm, that he was able to stop the bleeding with tissue paper, that his forearm exhibited abrasions when seen by prison medical personnel several hours after the incident, and that

11

he subsequently experienced swelling and bruising from his wrist to his elbow. See id. at ¶¶ 15-16, 36. Importantly, there are no allegations in the amended complaint, nor any reasonable inferences that can be derived therefrom, to suggest that Plaintiff suffered any serious injury as a result of the key incident, such as would be evidenced by, for example, deep punctures, profuse bleeding, or damage to bones, muscles, nerves and/or tendons. As a result, I conclude that Plaintiff has not pled facts sufficient to demonstrate that he suffered a serious injury requiring medical treatment. Therefore, this claim must be dismissed. See Estelle, 429 U.S. at 106.

## IV. CONCLUSION

I will grant Defendant's motion to dismiss Plaintiff's Eighth Amendment excessive force claim as it relates to Defendant's use of keys on Plaintiff's forearm, but deny the motion as to Defendant's alleged kick. I will also grant Defendant's motion to dismiss as to Plaintiff's Eighth Amendment claim of delayed medical treatment. An appropriate Order follows.