IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARREN HARCUM                          :
                                       :  CIVIL ACTION
                                       :
        v.                             :
                                       :
MARCEL LEBLANC                         :  NO.  09-2512


**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE


In this action brought pursuant to 42 U.S.C. § 1983, pro se Plaintiff Darren

Harcum ("Plaintiff") seeks damages against Defendant Marcel LeBlanc ("Defendant") for

injuries allegedly sustained on November 16, 2008, in the State Correctional Institution in

Graterford, Pennsylvania ("Graterford"), where Plaintiff resided as an inmate and

Defendant worked as a corrections officer.[1]  Presently before the court are Plaintiff's first

and second motions to compel discovery (Docs. 41 & 43).[2]  For the following reasons,

Plaintiff's first motion to compel discovery will be denied without prejudice, and

Plaintiff's second motion to compel discovery will be granted in part and denied in part.

_____

[1]This case was originally assigned to the Honorable William H. Yohn.  Judge
Yohn referred the matter to me for all proceedings upon the consent of the parties.  <u>See</u>
Docs. 20 & 22.

[2]Plaintiff also filed a motion to compel signatures (Doc. 46), seeking to have
deponents sign their answers to Plaintiff's written questions.  On July14, 2010, Plaintiff
withdrew the motion because "the problem has been remedied."  Doc. 51.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff was an inmate at Graterford at the time relevant to his allegations, and he remains so at present. See Amended Complaint ("Doc. 18") at ¶ 1. On December 28, 2009, Plaintiff filed an amended complaint asserting Eighth Amendment violations for excessive force arising from an incident during which Plaintiff reached through a slot of his cell door and grabbed a chair. Specifically, Plaintiff alleges that Defendant stabbed Plaintiff's arm with keys until he released the chair, and kicked him, and that medical treatment was delayed. See Doc. 18. By Memorandum and Order dated May 6, 2010, I dismissed the excessive force claim as it relates to Defendant's use of keys, as well as Plaintiff's claim for delayed medical treatment.[3] See Doc. 36.

Meanwhile, on March 15, 2010, Plaintiff filed a motion for leave of court to conduct depositions by written questions, and submitted proposed questions (referred to as "interrogatories") for Officer Robinson, Lieutenant Radle and Officer Singleton. See Doc. 26. Counsel for Defendant did not file a timely response to the motion and informed my chambers that he did not oppose the motion or any of the specific questions Plaintiff had drafted for any of the deponents. I granted Plaintiff's motion by Order dated April 23, 2010. See Doc. 30. Thereafter, counsel for Defendant provided answers from

---

[3]By Order dated July 12, 2010, I denied Plaintiff's motion for reconsideration of the May 6, 2010, memorandum and order. See Doc. 50.

Defendant LeBlanc and Lieutenant Radle, but did not provide answers from Officers Singleton or Robinson. See Exs. attached to Doc. 46.

Separately, on or about April 9, 2010, Plaintiff sent Defendant a first request for production of documents. See Doc. 47 at Ex. 1. On May 7, 2010, Defendant served a response to the first request for production of documents, providing certain responsive documents and objecting to the production of others. See id. at Ex. 2.

On June 11, 2010, Plaintiff filed his first motion to compel discovery, seeking answers to the interrogatories he previously directed at Officers Singleton and Robinson. See Doc. 41. On June 14, 2010, Plaintiff filed his second motion to compel discovery, arguing that Defendant provided insufficient responses to his first request for production of documents. See Doc. 43. Defendant has responded to both motions. See Docs. 45 & 47. Plaintiff filed a reply to the response to the second motion to compel discovery, as well as exhibits consisting of inmate requests to staff at Graterford. See Docs. 48 & 49.

## II.    DISCUSSION

### A.    Plaintiff's First Motion to Compel Discovery (Doc. 41)

Plaintiff first seeks to compel Officers Singleton and Robinson to provide answers to the interrogatories previously directed to them. See Doc. 41. Defendant responds that Plaintiff has not complied with various requirements for obtaining the depositions of non-party witnesses. See Doc. 45 at 1-4. However, it is not necessary to address these legal arguments in light of Defendant's representation that Officer Robinson would provide

answers to Plaintiff's interrogatories, and that "Officer Singleton" could not be identified. See id. at 4.

By letter dated May 7, 2010, which Defendant attached to his response to Plaintiff's motion, defense counsel notified Plaintiff that Officer Robinson was "finishing [her] answers now" and that the answers would be forwarded "immediately upon their completion." See 05/07/10 letter, attached to Doc. 45 at Ex. 1. Defense counsel informed my chambers on July 15, 2010, that he has since had difficulty contacting Officer Robinson, who is on leave from Graterford, but again represented that Officer Robinson would provide answers to Plaintiff's questions. In light of these representations, I will deny the motion without prejudice as to Officer Robinson.

In the same May 7, 2010, letter, defense counsel stated that "we are unable to identify [Officer Singleton] and would request that you give us a first name or otherwise properly identify this person so we can supply the information you requested." 05/07/10 letter. However, defense counsel informed my chambers on July 15, 2010, that the parties have since identified the correct Officer Singleton, and that the officer will answer Plaintiff's questions. Therefore, the motion will also be denied without prejudice as to Officer Singleton.

**B.    Plaintiff's Second Motion to Compel Discovery (Doc. 43)**

In his second motion to compel discovery, Plaintiff seeks additional documents responsive to his first request for production of documents, specifically records of prior

allegations of abuse or assault directed at Defendant, a complete copy of Plaintiff's

medical records, and logbooks from the prison unit where the alleged incident occurred.

See Doc. 43.  Defendant counters that Plaintiff is not entitled to the documents sought.

See Doc. 47.

The Federal Rules of Civil Procedure are construed liberally with respect to

discovery, as the requesting party is permitted to obtain even inadmissible material, so

long as it is relevant to the claim or defense of any party, unprivileged, and reasonably

calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Rule

34 requires that a party served with a document request either produce the requested

documents or state a specific objection for each item or category objected to.  If the party

served fails to respond adequately to a document request, the serving party may file a

motion to compel under Rule 37(a).  Fed. R. Civ. P. 34(b), 37(a)(1)(B).

The onus is on the party objecting to discovery to state the grounds for the

objection with specificity.  Fed. R. Civ. P. 33(b)(4); Momah v. Albert Einstein Medical

Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996).  "Mere recitation of the familiar litany that

an interrogatory or a document production request is 'overly broad, burdensome,

oppressive and irrelevant' will not suffice."  Id. (quoting Josephs v. Harris Corp., 677

F.2d 985, 992 (3d Cir. 1982)).  However, once the objection has been properly

articulated, the burden rests with the party seeking discovery to show that a discovery

request lies within the bounds of Rule 26.  Momah, 164 F.R.D. at 417.  Then, the party

5

opposing discovery must convince the court why discovery should not be had. Id. (citing

Amcast Indus. Corp. v. Detrex Corp., 138 F.R.D. 115, 118-19 (N.D. Ind. 1991)).

### 1. Copies of prior reports filed against Defendant (Request No. 1)

In his first request, Plaintiff seeks "[a]ny prior reports filed against [Defendant]

concerning prior allegations of abuse or assault." Doc. 47 at Ex. 1 (No. 1). Defendant

originally objected to this request on grounds that it is overbroad, irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence. See Resp. attached

to Doc. 47 at Ex. 2 (No. 1). In his response, however, Defendant withdraws the

objections and instead states that Defendant has never been accused of abuse or assault

while working for the Department of Corrections. See Doc. 47 at 1. Because no

responsive documents exist, this aspect of the motion will be denied.

### 2. Complete copy of Plaintiff's medical records (Request No. 10)

In Request No. 10, Plaintiff seeks production of a "complete copy" of his medical

records. Doc. 47 at Ex. 1 (No. 10). Defendant objected to the request on the grounds that

the records are confidential and that the request is overbroad and not reasonably

calculated to lead to the discovery of admissible evidence. See Resp. attached to Doc. 47

at Ex. 2 (No. 10).

I disagree with Defendant. As the medical records requested by Plaintiff are his

own records, they cannot be confidential as to him. Similarly, because the medical

records are limited to Plaintiff's time at the prison, it is hard to envision how the request

could be overbroad.  On the other hand, it is easy to envision how Plaintiff's medical records could lead to the discovery of admissible evidence.  For example, despite Defendant's statement that Plaintiff did not allege in his amended complaint that he received medical treatment, <u>see</u> Doc. 47 at 2, Plaintiff certainly averred that he sought and received medical attention, and various exhibits confirm that he did so.  <u>See</u> Doc. 18.  In addition, pre-existing conditions or similar injuries previously sustained in Graterford could conceivably strengthen or weaken either party's case.  As a result, I will grant this aspect of Plaintiff's motion to compel and will direct the prison to provide Defendant with a complete copy of his medical records.

Defendant further argues that Plaintiff has failed to follow prison procedures for obtaining his own medical records.  <u>See</u> Doc. 47 at 2.  However, as Plaintiff explains in his reply brief, he has tried to obtain his medical records directly from prison personnel, but has been unable to do so.  <u>See</u> Doc. 48.  In support of his reply, Plaintiff has filed documents showing that he submitted an "Inmate's Request to Staff Member" to review and make copies of his medical records on June 6, 2010, and that he was told on June 20, 2010, that an opportunity to "review" the records would be made "in the near future." Doc. 49.  I sympathize with the difficulties inmates sometimes encounter in trying to access prison records, and I agree with Plaintiff that time for discovery in this case is running short.  For this additional reason, I will grant this aspect of Plaintiff's motion to compel.

### 3. Prison logbooks for November 16, 2008 (Request No. 13)

In Request No. 13, Plaintiff seeks copies of Graterford's Special Needs Unit logbooks for the 2200 hours shift on November 16, 2008. See Doc. 47 at Ex. 1 (No. 13). Defendant objected to the request on the bases that the information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and also that the information sought is confidential for security purposes. See Resp. attached to Doc. 47 at Ex. 2 (No. 13).

Plaintiff has not explained why the requested log book pages have any bearing on his claims, except to suggest that it could resolve the identity of Officer Singleton. See Doc. 48 at 2. Although Officer Singleton has since been identified, it is conceivable that the log book pages could reveal other prison personnel with knowledge of the chair incident. For this reason, I find that the requested log book pages is both relevant and reasonably calculated to lead to the discovery of admissible evidence. However, I also agree with Defendant that actual copies of the log book could reveal confidential information related to prison security, such as the number of personnel on the cellblock at different times and when supervisors enter and leave the area. Therefore, I will grant the motion, but only insofar as Defendant must provide the names of the corrections officers and any other prison personnel who are mentioned on Graterford's Special Needs Unit logbooks for the 2200 hours shift of November 16, 2008.

**III.** **CONCLUSION**

For the foregoing reasons, Plaintiff's first motion to compel discovery (Doc. 41) will be denied without prejudice, and Plaintiff's second motion to compel discovery (Doc. 43) will be granted in part and denied in part. An appropriate Order follows.